J-S01039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN LLOYD | : | |
| | : | |
| Lloyd | : | No. 828 MDA 2018 |

Appeal from the Judgment of Sentence March 28, 2018
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002546-2017

BEFORE: PANELLA, P.J., MURRAY, J., and PELLEGRINI,[*] J.

MEMORANDUM BY PELLEGRINI, J.: **FILED FEBRUARY 05, 2019**

Justin Lloyd (Lloyd) appeals from the judgment of sentence of 43 to 98 months' imprisonment imposed by the Court of Common Pleas of Cumberland County due to his conviction of the crimes of Theft by Unlawful Taking, Simple Assault, Criminal Mischief and Strangulation. Lloyd challenges the denial of his request for a self-defense instruction, the sufficiency of evidence for Theft by Unlawful Taking, and the discretionary aspects of sentencing. For the following reasons, we affirm.

**I.**

Lloyd picked up his girlfriend, Laura Liddick (Liddick), to go to the home of Rodney Stroup, which is where the two were living. While driving, Lloyd

_____

* Retired Senior Judge appointed to the Superior Court.

became angry with Liddick. When Liddick tried to use her cell phone, Lloyd took it and would not give it back, and when they arrived at Stroup's, Lloyd attacked Liddick in their bedroom, throwing her onto the bed, choking her and punching and kicking her. Liddick screamed for help and Stroup intervened.

Lloyd left but soon returned and tried to reenter the home. Because he could not get in through the front door, Lloyd went to the back door and kicked it in. Lloyd dragged Liddick outside but she escaped and ran back inside. Before leaving, Lloyd gave Liddick her cell phone back with its screen smashed.

Lloyd was charged with Burglary, Terroristic Threats, Theft by Unlawful Taking or Disposition, Simple Assault, Criminal Mischief, Harassment, and Strangulation. Lloyd proceeded to a jury trial and testified in his defense. Lloyd admitted that he broke Liddick's cell phone after looking though her text messages, but denied that he attacked her, claiming instead that she head-butted him after he gave the cell phone back. Lloyd stated that he then grabbed Liddick by the throat, picked her up and threw her onto the bed, holding her down until Stroup came in.

Lloyd was convicted of Theft by Unlawful Taking (for the cell phone), Simple Assault, Criminal Mischief, and Strangulation.[1] Lloyd was later

_____

[1] 18 Pa.C.S. § 3921(a) (first-degree misdemeanor), 18 Pa.C.S. § 2701(a)(1) (second-degree misdemeanor), 18 Pa.C.S. § 3304(a)(5) (third-degree

- 2 -

sentenced to an aggregate 43 to 98 months' imprisonment and timely filed a post-sentence motion to modify sentence, which was denied.

## II.

## A.

Lloyd first argues that the trial court erred by refusing to give a non-deadly force self-defense instruction. However, this claim has been waived because such objections must be raised at the close of charging. *See Commonwealth v. Pressley*, 887 A.2d 220, 225 (Pa. 2005). Although Lloyd requested the instruction during trial, he did not object after the charge. *See Commonwealth v. Marquez*, 980 A.2d 145, 150-151 (Pa. Super. 2009) (*en banc*) (issue waived where appellant did not raise objection after jury charge).

Even if preserved, we would find no error.[2] Lloyd requested a non-deadly force self-defense instruction but the trial court found that Lloyd's admitted actions constituted deadly force that would only be justified if he was in fear of death or serious bodily injury. Because he never so testified, the trial court would not give the instruction.

Section 505 of the Pennsylvania Crimes Code governs self-defense:

---

misdemeanor), and 18 Pa.C.S. § 2718(a)(1) (second-degree misdemeanor), respectively. Lloyd was found not guilty of Burglary and Terroristic Threats.

[2] "Our standard of review when considering the denial of jury instructions is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." *Commonwealth v. Yale*, 150 A.3d 979, 983 (Pa. Super. 2016).

- 3 -

> **(a)   Use of force justifiable for protection of the person.—**
> The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

18 Pa.C.S. § 505(a).  A self-defense charge must be given upon request if there is evidence presented that the defendant acted in self-defense.  ***See***

***Commonwealth v. Gonzales***, 483 A.2d 902, 903 (Pa. Super. 1984).

Here, there was no evidence that Lloyd used force to protect himself. Lloyd admitted that he grabbed Liddick by the throat after she head-butted him, but there is no indication that Liddick continued to attack him and Lloyd never testified that he acted to protect himself.  Because he did not make out the defense, the trial court properly did not give the self-defense instruction.[3]

### B.

Lloyd next asserts there was insufficient evidence to support the charge of Theft by Unlawful Taking.  He argues that there was no evidence presented that he intended to permanently deprive Liddick of her cell phone.[4]

_____

[3] Because Lloyd was not entitled to any self-defense instruction, we need not address whether the trial court erred by determining that Lloyd unlawfully used deadly force.

[4] Our standard of review for a sufficiency claim is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the

- 4 -

The only element contested here is whether Lloyd intended to permanently deprive Liddick of her cell phone. That element is established when the defendant: "(1) withhold[s] property of another permanently;" or (2) "dispose[s] of the property so as to make it unlikely that the owner will recover it." 18 Pa.C.S. § 3901.[5]

Lloyd emphasizes that the evidence showed only that he damaged the cell phone and then returned it to Liddick. As a result, he did not withhold it permanently. Lloyd, however, admitted that he broke Liddick's cell phone after reading her text messages and that the cell phone was "destroyed." ***See***

---

above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Thomas***, 194 A.3d 159, 166 (Pa. Super. 2018) (quotation omitted).

[5] The other elements of theft by unlawful taking are that the person unlawfully take or control movable property, and that the property belongs to another person. ***See Commonwealth v. Young***, 35 A.3d 54, 62 (Pa. Super. 2011).

N.T., 1/30/18, at 102, 112. Liddick testified that the cell phone was no longer usable. *See id.* at 25. When the natural consequence of an act is permanent destruction, that act is enough to show an intent to deprive. *See Commonwealth v. Holcomb*, 498 A.2d 833, 847 (Pa. 1985) (finding evidence sufficient to support conviction of theft where the defendant burned the interior of a car). As Liddick could no longer use her cell phone due to the damage, it is irrelevant that Lloyd returned it. No relief is due.[6]

## C.

Lloyd's final two claims challenge the discretionary aspects of his sentence. He avers that: (1) the sentencing court gave insufficient reasons to justify aggravated range sentences for Theft by Unlawful Taking and Strangulation; and (2) the court relied on impermissible factors already reflected in his prior record score.[7]

---

[6] We note that the Commonwealth presented no evidence about the value of the cell phone. When there is sufficient evidence to convict of a theft offense but no evidence presented about value, this Court has vacated the judgment of sentence and remanded for resentencing of the offense as a third-degree misdemeanor. *See Commonwealth v. Goins*, 867 A.2d 526, 529 (Pa. Super. 2005) (downgrading theft offenses from first-degree to third-degree misdemeanors where Commonwealth offered no evidence about the value of the property). While that failure ultimately implicates the legality of sentencing, the underlying claim turns on sufficiency and we may not raise it *sua sponte*.

[7] Our review of a challenge to the discretionary aspects of sentencing is governed by the following principles:

**1.**

The sentencing court imposed aggravated range sentences for both the Theft by Unlawful Taking and Strangulation offenses, sentencing Lloyd to consecutive terms of 19 to 39 and 12 to 24 months' imprisonment, respectively.[8] Instead of addressing each offense individually, the court stated that its reasons for the sentences were applicable to both offenses:

> It is noted that the [c]ourt's sentence on the theft by unlawful taking and on the strangulation charge are in the aggravated range of the sentencing guidelines and is given in consideration of the serious injuries to the victim, in consideration that [Lloyd] has a substantial record of domestically violent inciden[ts] with three separate women victims, that [Lloyd] has previously been given county and state sentences to which did not rehabilitate [Lloyd], and in consideration that it appears [Lloyd] has not done anything regarding being employed or his mental health that gives this [c]ourt any indication that he has rehabilitated his behavior.

N.T., 3/27/18, at 18.

_____

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014) (citations omitted).

[8] Lloyd does not challenge his sentences for simple assault and criminal mischief, which were six to 24 months and six to 12 months' imprisonment, respectively, and set to run consecutively to the aggravated range sentences.

When an appellant challenges the discretionary aspects of his sentence, he is not entitled to review as of right.  *See Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).  Before reaching the merits of such a claim, we must conduct a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; 2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010).  Lloyd has complied with the first three requirements and both challenges implicate substantial questions.  *See Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009) (failure to set forth adequate reasons for aggravated sentence); *Commonwealth v. Bromley*, 862 A.2d 598, 605 (Pa. Super. 2004) (relying on impermissible factors).

First, Lloyd avers that the sentencing court gave insufficient reasons for imposing an aggravated range sentence for Theft by Unlawful Taking.  "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question[.]" *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010).  "Rather, the record as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of the

offender." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa. Super. 2006) (citation omitted). ***See also*** 42 Pa.C.S. § 9721(b).

Lloyd argues that the court gave insufficient reasons for its Theft by Unlawful Taking sentence, but mistakenly claims that the court imposed sentences outside of the guidelines. The court sentenced at the aggravated range, which is within the guidelines. ***See Commonwealth v. Bowen***, 975 A.2d 1120, 1128 (Pa. Super. 2009) (sentence in aggravated range still constituted a sentence within guidelines). We also do not find that the court abused its discretion in issuing a global explanation for the aggravated range sentences. While the offenses' elements differ in nature—one a property offense, the other an assault offense—they were both part of a single, unified incident of domestic violence.

**2.**

Next, Lloyd argues that the court's reliance on his history of domestic violence and failed rehabilitation was improper because those factors were already accounted for in his prior record score. "It is impermissible for a court to consider factors already included within the sentencing guidelines as the sole reason for increasing or decreasing a sentence to the aggravated or mitigated range. Trial courts are permitted to use prior conviction history and other factors already included in the guidelines, if they are used to supplement other extraneous sentencing information." ***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006) (quotation omitted).

The record belies Lloyd's claim. The sentencing court did not rely on his prior history as the sole reason for imposing aggravated range sentences. The court noted the harm to Liddick and Lloyd's failure to take assertive steps to seek employment or mental health treatment. That the court may not exclusively use criminal history in sentencing does not mean that it must ignore it.

Moreover, it was not improper for the sentencing court to consider Lloyd's history of domestic abuse and his failure to conform his behavior after those convictions as it relates to his prospects for rehabilitation. The sentencing court highlighted Lloyd's history of domestic abuse against three separate women. Considering he was convicted of strangling his girlfriend, this was a permissible consideration of the protection of the public and Lloyd's rehabilitative needs. *See* 42 Pa.C.S. § 9721(b).[9] Accordingly, we do not find an abuse of discretion by the sentencing court.

Judgment of sentence affirmed.

---

[9] Lloyd also faults the sentencing court for not explaining why Liddick's injuries were atypical so as to warrant aggravation. Lloyd, however, does not develop this argument, and we need not consider its merits. *See Commonwealth v. Perez*, 93 A.3d 829, 838 (Pa. 2014) (claims waived for failure to provide argument or cite supporting authorities).

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/05/2019